### NELLIE SMITH V. OSCAR STRAUB.

CONTRACT—*Joint and Several—Action—Judgment against One Defendant.*
An action was commenced against three persons as a partnership,
under the name and style of R. & Co., to recover the price of a bar-
rel of whisky; an answer under oath was filed, denying the partner-
ship, and no reply was filed, or any evidence offered to prove the
partnership; the case properly proceeded against the parties as indi-
viduals; the facts fixed the liability of one of the persons, and a judg-
ment was rendered against that one individually. *Held*, Not error;
as all contracts and promises are joint and several.

*Error from Shawnee District Court.*

THE material facts are stated in the opinion.

*William R. Hazen,* for plaintiff in error.
*Frank Herald,* for defendant in error.

Opinion by SIMPSON, C.: This action was originally com-
menced in a justice's court, and there a judgment was ren-
dered against the plaintiff in error. An appeal was taken to
the district court of Shawnee county, and a jury being waived,
a trial by the court was had in July, 1887, resulting in a judg-
ment against the plaintiff in error. The court made special
findings of fact and conclusions of law, as follows:

"1. On October 30, 1886, the plaintiff received an order at
Kansas City, in the state of Missouri, from Topeka, Kansas,
signed D. I. Ross & Co., for one barrel of whisky, and plain-
tiff thereupon shipped the said barrel of whisky from Kansas
City aforesaid to the address of D. I. Ross & Co.

"2. The value of said barrel of whisky was $78.47.

"3. At the time said barrel of whisky was ordered, shipped
and received at Topeka, Kansas, the said D. I. Ross, Nellie
Smith, and John R. Smith were not partners in business at
Topeka." (To the finding of the third conclusion of fact the
plaintiff objected, and excepted.)

"4. The defendant Nellie Smith was at the time aforesaid
the owner and proprietor of a drug store in the city of Topeka,
and John R. Smith was the husband and agent of the defend-
ant Nellie Smith, and the said D. I. Ross was by profession a

pharmacist, and was at the time aforesaid employed by the said Nellie Smith as a clerk only, in the drug store of the defendant Nellie Smith.

"5. The barrel of whisky aforesaid was received into the drug store of the defendant Nellie Smith, and was used in her business by her clerk, Ross.

"6. Neither the defendant Nellie Smith nor her husband and agent ordered from the plaintiff the said barrel of whisky, unless the order sent by Ross, in the name of D. I. Ross & Co., was the order of the defendant Nellie Smith.

"7. The defendant Nellie Smith did not know in fact that said barrel of whisky had been received from plaintiff into her store, unless the knowledge of John R. Smith, her agent, and D. I. Ross, her clerk, was knowledge to her; and neither Nellie Smith nor John R. Smith had knowledge of Ross sending the order to plaintiff.

"8. Some months before the said Ross entered into the employment of the defendant Nellie Smith as pharmacist and clerk in her drug store, the said Ross was engaged in the business of conducting a drug store in Parkdale, an addition to Topeka, as proprietor of said drug store, and carried on said business under the firm-name of D. I. Ross & Co., and the plaintiff had before that time sold and delivered goods of this character to him.

"9. The business of the plaintiff at the time aforesaid was that of carrying on a wholesale liquor store in Kansas City, Mo., by the name and style of Oscar Straub & Co.

"10. At the time the plaintiff received this order for the goods in question, at Kansas City, Mo., and shipped the same to Topeka, he did not know or have any knowledge that the said Nellie Smith, defendant, nor her husband and agent, J. R. Smith, had any connection with a drug store, or that they were desirous of purchasing said goods.

"11. The defendant Nellie Smith had no conversation nor communication with the plaintiff in reference to the barrel of whisky, and the only conversation or communication that her agent, J. R. Smith, had with plaintiff or anyone representing him in reference to said whisky, was in Topeka, Kansas, several days after the whisky had been delivered at her drug store in Topeka, Kansas.

"12. The defendant Nellie Smith, at the time aforesaid, had no permit from the probate judge to sell intoxicating liquors, but she had a permit from the government of the United States for such purpose.

"13. The said D. I. Ross, at the time aforesaid, had a druggists' permit to sell intoxicating liquors from the probate judge of Shawnee county, as required by law."

"CONCLUSIONS OF LAW.

"1. The said D. I. Ross, having ordered the property above referred to from the plaintiff at Kansas City, Mo., for D. I. Ross & Co., and having received such property into the drug store of the defendant Nellie Smith, and with the knowledge of John R. Smith, agent of the said Nellie Smith, the same was used and disposed of by the clerk and agent of said defendant, the said Nellie Smith, the said Nellie Smith should pay the plaintiff for the property; and the plaintiff is entitled to recover the value of said property from said defendant Nellie Smith, to wit, $78.47, with interest at the rate of 7 per cent. from the date of delivery, November 1, 1886.

"2. The plaintiff is entitled to recover of and from the defendant Nellie Smith, $78.47, with interest at 7 per cent. per annum, amounting to $4.50 for interest, or, to wit, for principal $78.47, for interest $4.50; total, $82.97."

One question we shall consider is, whether or not the judgment of the court below can be supported by the special findings of fact, and this embraces the contention of counsel as to the inconsistency of the findings, and that they do not authorize the conclusions of law. The evidence is not recited in the record. The suit was brought against D. I. Ross, Nellie Smith and John R. Smith, as partners, doing business under the firm-name of D. I. Ross & Co. They denied the partnership under oath, and it is among the established facts in the case, that there was no partnership, but that Nellie Smith, the plaintiff in error, was the absolute owner of the drug store, with her husband, John R. Smith, as her agent in active charge and control of the business, with Ross as a licensed pharmacist, employed by Nellie Smith as a clerk. The barrel of whisky was ordered in the name of Ross & Co., but was designed for the use of Nellie Smith in the drug business; was secured by her clerk and agent, with the knowledge of the agent; sold out by the clerk, and the proceeds of the sale received and retained by Nellie Smith through her accredited agents. The general statement is enough to fix her liability.

But it is contended that no judgment could be rendered personally in this action against Nellie Smith, as it was brought against her as a partner. It may be true that, under the common-law practice, in a suit against a partnership firm, no judgment could be rendered against an individual member of that firm; but our statute provides that all contracts shall be construed to be joint and several; and it also provides that in all cases of joint obligations and joint assumptions of co-partners or others, suits may be brought or prosecuted against any one or more who are so liable. This action was instituted under the theory that there was a partnership; the plaintiff in error filed her answer, under oath, denying the partnership; and if the proof fixed liability on any one of the parties, a judgment could be rendered against such party individually.

Again, it is urged that the plaintiff below alleged a cause of action for goods sold and delivered, but recovered for goods received for the use and benefit of the defendant below, and that it is not a variance, but a total failure of proof of the cause of action alleged. This is not so. The plaintiff below brought his action for the contract-price of a barrel of whisky which he alleged was ordered by a firm of which the plaintiff in error was a member. But the plaintiff in error successfully maintained that there was no partnership, and the evidence showed that she was sole owner of the drug store; that the whisky was ordered for her benefit; that she sold it by her agents and clerks, and received the proceeds; hence, the only mistaken allegation was as to the partnership. The barrel of whiskey was ordered, received and sold out, and the proceeds appropriated, not by the partnership firm, but by the plaintiff in error individually. The cause of action is not changed; there is no failure of proof: the only difference is, that the proof has shifted the liability from a supposed partnership to an individual who was thought to be a member of the firm.

Finally, a reversal is urged, because the action is for "an agreed purchase-price," and a judgment was rendered for the value of a barrel of whisky. As the value and agreed price

are identical in this particular case, we would hesitate long before recommending a reversal because the pleading called it an agreed price and the findings and judgment denominated it the value of the whisky — these phraseological variations being unimportant.

This action was instituted under the assumption that three persons named as defendants, were partners; the pleadings destroyed this assumption; the action then proceeded against them as individuals; the special findings of fact cast the obligation to pay upon one of the three; a judgment was rendered against the party liable. This is in accordance with our liberal system of pleading and practice, and no substantial error has been committed in the course of the trial.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.